## ATCHISON, T. & S. F. R. CO. v. FARMERS' UNION CO-OPERATIVE GIN COMPANY.

No. 28758.   Oct. 17, 1939.

Rainey, Flynn, Green & Anderson and M. M. Gibbens, all of Oklahoma City, and Jones & Wesner, of Cordell, for plaintiff in error.

A. R. Ash and Raymond T. Plumlee, both of Cordell, for defendant in error.

PER CURIAM. The nature of the liability involved in the loss of certain cotton by fire is the decisive issue presented by this appeal. There is no serious dispute over the facts. On October 17 and 18, 1935, the defendant in error, hereafter referred to as plaintiff, delivered to the plaintiff in error, hereafter referred to as defendant, 150 bales of cotton upon its loading platform at Dill City, Okla. This cotton was to be transported to one of two compresses located at Altus, Okla. The plaintiff commenced delivery of the cotton from its gin to the loading platform of the defendant, but did not complete such delivery until after dark, on the 18th day of October, 1935, and intended to complete the transaction the following day by giving shipping instructions and procuring a bill of lading. Fire broke out in some of the cotton located upon the loading platform early the morning of October 19, 1935, and damaged some 23 bales. The defendant denied liability for the loss which resulted, and this action followed

The plaintiff did not allege any negligence on the part of the defendant, but sought to hold it liable as common carrier for the loss. The defendant denied that the cotton had been delivered so as to constitute its possession that of a common carrier. Upon the issue thus tendered the cause was tried to a jury. Demurrer of the defendant to plaintiff's evidence and motion for directed verdict at the close of all of the evidence were denied. The jury returned a verdict in favor of the plaintiff and assessed its recovery in the sum of $500. Motion for new trial was overruled, and the defendant appeals.

The defendant contends that, since the delivery of the cotton so made by the plaintiff was not complete, in that it had never furnished the name of the consignee so as to enable the defendant to place the shipment in transit, the liability of a common carrier did not attach, and that, since there was no plea of breach of any duty which the defendant owed as warehouseman, therefore, its demurrer to the evidence and motion for directed verdict should have been sustained. The contention so made is supported by the overwhelming weight of authority. It is a well-established rule that a carrier is not liable as an insurer of goods to be shipped until complete delivery thereof has been made to it and accepted by it. 4 R. C. L. p. 688; 10 C. J. p. 226; Moore on Carriers (2d Ed.) vol. 1, p. 170; Chicago, R. I. & P. Ry. Co. v. Garrison, 169 Okla. 634, 38 P.2d 502; Atchison, Topeka & S. F. Ry. Co. v. Homewood, 39 Okla. 179, 134 P. 856, 48 L. R. A. (N. S.) 990; Kansas City, M. & O. Ry. Co. v. Cox, 25 Okla. 774, 108 P. 380, 32 L. R. A. (N. S.) 313.

The testimony of plaintiff's manager was, in substance, that he had given defendant's agent all necessary shipping instructions except to name the consignee to whom the shipment was to be made. This omission on the part of the plaintiff was vital, since the shipment could not start until the defendant knew to whom it should make delivery. Until this information was given, there could be no delivery or immediate shipment, and the liability imposed upon a common carrier did not attach, and the liability which rested upon the defendant was that of a warehouseman only. Kansas City, M. & O. Ry. Co. v. Cox, supra; Basnight v. Atlanta & N. Carolina Ry. Co., 111 N. C. 592, 16 S. E. 323; Gulf, C. & S. F. Ry. Co. v. Terrell Bros. (Tex. Civ. App.) 14 S.W.2d 903. Under the facts shown in the record before us, the liability of defendant was that of a warehouseman only, and since the plaintiff did not claim that the defendant breached any duty which it owed as warehouseman and the evidence failed to show any such liability, the plaintiff could not recover. Under these circumstances, the demurrer of defendant to the plaintiff's evidence and motion for directed verdict should have been sustained. The cause is therefore reversed, with directions to enter judgment for the defendant.

WELCH, V. C. J., and CORN, GIBSON, HURST, and DANNER, JJ., concur.